UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CIVIL ACTION NO.:

CURALEAF, INC.,

    *Plaintiff*,

vs.

KATHRYN SMITH,

    *Defendant*.

**COMPLAINT FOR PRELIMINARY AND
PERMANENT INJUNCTIVE RELIEF AND DAMAGES
[PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF REQUESTED]**

Plaintiff, Curaleaf, Inc., pursuant to Fed. R. Civ. P. 8 & 65, M.D. Fla. L. R. 1.09 & 6.02, and Fla. Stat. §542.335, sues Defendant, Kathryn Smith for preliminary and permanent injunctive relief, and for damages, and alleges:

1. This is an action for preliminary and permanent injunctive relief, and for damages in excess of $75,000.

2. Curaleaf, Inc. ("Curaleaf") is a corporation organized under the laws of the State of Delaware. Curaleaf has its principal place of business and headquarters in Connecticut. Curaleaf is a citizen of Delaware and Connecticut, but not a citizen of Florida for diversity purposes.

3. Defendant, Kathryn Smith is an individual and former Senior Vice-President of Curaleaf. Smith is a resident and citizen of Pinellas County, Florida.

4. Non-party, Jushi, is Smith's new employer and a direct competitor of Curaleaf in the same highly competitive cannabis industry, competing in various markets throughout the United States.

5. This Court has diversity jurisdiction over this action as the parties are citizens of different states and the amount in controversy exceeds $75,000. See, 28 U.S.C. §1332.

6. Under 28 U.S.C. § 1391(b)(2), venue is proper in this District because the Defendant resides and works in this District and a substantial part of the events or omissions giving rise to the claims in this lawsuit occurred, and are occurring, in this District.

## Nature of the Action

7. This is an action against a former senior executive to enforce restrictive covenants pursuant to Fla. Stat. § 542.335, and to remedy and prevent unfair competition.

8. Smith is the former Senior Vice-President of Curaleaf. Following her recent resignation from Curaleaf in February 2025, Curaleaf discovered that Smith was engaging in unlawful competition with Curaleaf, on behalf of its competitor, Jushi. Smith's competitive activity is in violation of her express agreements with Curaleaf.

**Curaleaf's Business**

9. Curaleaf is a market leader in the highly competitive cannabis industry, engaging in manufacturing and retail operations in numerous markets across the United States.

10. Curaleaf has invested considerable amounts of time and money in developing and maintaining its reputation and goodwill as the premier national manufacturer and retailer of cannabis products in the United States. As a result, it has developed substantial business relationships with its customers and clientele in the markets it serves.

11. In developing its business, Jushi has undertaken significant efforts to cultivate and develop certain "Confidential Information," which is not generally known to the public and if made known to another multi-state cannabis operator would provide an unfair competitive advantage. It is anticipated – if not inevitable – that in conjunction with her employment with Jushi, a direct competitor, Smith will disclose and/or utilize for Jushi's competitive advantage, confidential information developed by Curaleaf.

12. Curaleaf's Confidential Information includes, without limitation, Curaleaf's strategic marketing, the content of company executive strategy sessions, discussion of Curaleaf's national footprint strategy in both retail and wholesale operations, pricing strategies, discount methodologies, loyalty programs, selection of business partners, product positioning, retail store openings and relocations, target

markets, vendor and packaging relationships, pricing on a national and regional level, new customer acquisition strategies, marketing campaigns, digital strategy, and regulatory related matters, both state and federal, in each market where Curaleaf operates.

### Smith's Employment with Curaleaf

13. Smith came to Curaleaf with prior experience in unrelated retail businesses but no prior experience in the cannabis industry.

14. Smith was hired by Curaleaf as Regional V.P. – Retail Southeast, on or about May 17, 2021.

15. Smith initially received a substantial base salary, opportunity for annual bonuses, and a grant of substantial equity in Curaleaf.

16. Subsequently, in 2022 and 2023, Smith received increases in her base salary and target compensation, annual bonuses, and additional grants of equity in Curaleaf.

17. On March 26, 2023, Smith was promoted to Vice-President of Retail Operations.  In this position, Smith oversaw all of Curaleaf's retail operations throughout the United States.

18. On September 22nd, 2024, Smith received a promotion to "Senior Vice-President, Regional Leader – Southeast."

19. Upon her promotion, Smith's target compensation rose to $450,000, annually with additional equity grants valued at $250,000.

20. As a Senior Vice-President, Smith reported directly to Curaleaf's Chief Executive Officer & Executive Chairman of the Board.

21. Further, Smith participated in weekly meetings of Curaleaf's Executive Leadership Team where national team leaders presented highly confidential information concerning Curaleaf's strategies, finances, suppliers and customers *on a national basis*.

22. Thus, Smith was regularly and consistently provided Curaleaf's most confidential and proprietary information concerning its *national* business and not just information related to the Southeast Region that Smith also oversaw.

### Smith's Agreement with Curaleaf

23. In order to protect Curaleaf's considerable investment in its confidential and proprietary information, reputation, goodwill and valuable relationships, Curaleaf entered into an agreement with Smith which contains confidentiality, non-competition and non-solicitation restrictions.

24. Specifically, on April 27, 2021, Smith entered into an "Employee Confidentiality, Proprietary Rights, Non-Solicitation and Non-Competition Agreement" ("Agreement"). A copy of Smith's Agreement is attached hereto as Exhibit A.

25. The Agreement was designed to protect the value of Curaleaf's valuable assets, including its confidential and proprietary business information, its valuable

reputation and goodwill in the market, and its valuable relationships with customers, employees, and suppliers.

26. In reliance on the protections of the Agreement, Curaleaf continued to employ, train and promote Smith over the several years she was employed at Curaleaf and continued to share its confidential and proprietary information with Smith.

27. In her Agreement, Smith agreed that and upon termination of her employment, and for a period of twelve (12) months thereafter, she would refrain from engaging in *any* competition with Curaleaf in any state where Curaleaf does business:

> Non-Competition. During the Restricted Period, regardless of whether, or on what basis, Employee's employment hereunder is terminated or any claim that Employee may have against the Company or any other member of the Company Group under this Agreement or otherwise, Employee shall not, directly or indirectly, actually or attempt to, engage in the business of providing Competing Services within the Territory.

Ex. A, Agreement, §7.

28. "Territory" is defined as "any state in which the Company is doing business or in which it is contemplating to do business pursuant to its then current business plans." Ex. A, Agreement, §10(h). "Competing Services" is defined as any products or services that are the same, similar or otherwise in competition with the products and services of Curaleaf and with which Smith was involved or acquired confidential information about. Ex. A, Agreement, §10(b).

29. Additionally, Smith's Agreement requires Smith to refrain from using or divulging the Company's Confidential Information in any way. Ex. A, Agreement, §2.

30. Further, Smith's Agreement prohibits Smith, for the same one-year term, from soliciting the Company's customers, employees, or suppliers. Ex. A, Agreement, §§4 & 5.

### Smith Breaches Her Agreement and Joins Jushi

31. On February 12, 2025, only a few months following her promotion to a senior leadership position with Curaleaf, Smith voluntarily resigned her employment with Curaleaf, effective February 28, 2025.

32. Explaining her sudden resignation, Smith deliberately mislead Curaleaf by misrepresenting that she was taking time off working to care for her husband who was suffering health problems.

33. Contrary to Smith's misrepresentations, Curaleaf subsequently learned that Smith had immediately breached her Agreement with Curaleaf by commencing employment with Jushi, a competitor of Curaleaf.

34. Following Smith's resignation, Curaleaf also discovered that Smith forwarded highly sensitive and confidential Curaleaf information to her personal email account before leaving Curaleaf.

35. In performing services for Jushi, Smith is necessarily trading upon the confidential and proprietary information she received from Curaleaf as she has no

other source of knowledge or experience in the cannabis industry.

36. Smith will also necessarily rely on Curaleaf's reputation, goodwill and customer, employee, and supplier relationships developed at Curaleaf' expense, for the benefit of its competitor, Jushi.

37. After learning of Smith's breach of her Non-Compete Agreement, Curaleaf's counsel sent Smith and Jushi letters reminding Smith and notifying Jushi of Smith's Agreement, her obligations to Curaleaf, and her apparent breach of those obligations by joining Jushi.

38. Although Jushi responded, through counsel, it simply denied that Smith's Agreement is enforceable. Smith failed to respond at all.

39. Curaleaf has retained the undersigned counsel to represent it in this action and is obligated to pay all reasonable costs, expenses, and attorneys' fees.

40. All conditions precedent to this action have been performed or have occurred.

## COUNT I – SMITH: BREACH OF AGREEMENT

41. Curaleaf re-alleges and incorporates by reference the allegations of paragraphs 1- 40, as though fully set forth herein.

42. Smith's employment with Jushi is a violation of the non-compete restrictions of Smith's Agreement.

43. Further, Smith's disregard of her obligations amounts to a repudiation and/or threatens to breach other restrictions of the Non-Compete Agreement

prohibiting the use or disclosure of confidential information, or the solicitation of customers and/or employees.

44. As a direct and proximate result of Smith's breach and threatened breach of her Agreement, Curaleaf has suffered and will suffer irreparable harm and other injury and damages, including but not limited to lost investment, lost profits, damage to business reputation and goodwill, customer and employee relationships, and for some of which injuries there is no adequate remedy at law.

**WHEREFORE**, Curaleaf requests that the Court:

A. Enter a preliminary and permanent injunction enjoining and restraining Smith, and anyone acting in concert with her or on her behalf, from continuing to violate Smith's Agreement;

B. Award Curaleaf compensatory and special damages, including lost profits, interest, all in an amount to be proven at trial;

C. Award Curaleaf the costs incurred in enforcing Smith's Agreement; and

D. Grant Curaleaf such other and further relief as the Court may deem just, equitable, and proper.

[*Signature to follow*]

Dated this 23rd day of April 2025.                    Respectfully submitted,

By: */s/ Courtney B. Wilson*
    Courtney B. Wilson
    Fla. Bar No 0614580
    Email:  *Cwilson@littler.com*
    LITTLER MENDELSON, P.C.
    Wells Fargo Center
    333 SE 2nd Avenue, Suite 2700
    Miami, Florida 33131
    Tel: 305.400.7500
    Fax: 305.603.2552

    *ATTORNEYS FOR PLAINTIFF*

4870-0417-7250.1 / 115419-1003